Heffernan, J.
Dr. Wilfred L. McDougald, a physician and a citizen of Montreal, Province of Quebec, Dominion of Canada, died on June 19, 1942, leaving property in Franklin County, New York. Subsequently letters of administration c.t.a. were issued to a resident of that county.
On October 19, 1944, a claim in the sum of $39,164.82 against the estate was presented to the administrator by respondent, N. A. Timmins (1938) Limited. The claim was rejected by the administrator upon the ground that he doubted its justice and *178 validity and on the further ground that it did not accrue within six years prior to the death of decedent.
After a trial the Surrogate allowed the claim from which determination the administrator has taken no appeal. The appellants, however, whose claims against the estate have been established, have asked us to review the decree.
All parties to the litigation, with the exception of the administrator,. are residents of the Province of Quebec and the transactions involved here arose in that jurisdiction and the notes hereafter referred to were payable in Montreal.
The sole question before us is whether or not the claim is barred by prescription under the law of Quebec. The cause of action before us is governed not by the law of the forum but by the law of the Province of Quebec. Our problem then is to ascertain what the law of the situs is in regard to the question under consideration.
In the exercise of our discretion we may take judicial notice of the law of a sister State or of a foreign country (Civ. Prac. Act, § -344-a). We may also take judicial cognizance of the system of law that is the basis of the jurisprudence of another jurisdiction or, in the absence of actual proof, we may indulge presumptions as to the law in existence in a foreign jurisdiction and apply it to the case in hand. The law of the situs of the transaction involved here must control the substantive rights of the parties to the litigation. When matters arise which concern substantial rights arising under statutes of the situs the courts of the forum interpret the law of the situs to be the law which the courts of the situs have declared it to be (11 Am. Jur., Conflict of Laws, §§ 13, 15).
In the Province of Quebec, but not elsewhere in the Dominion of Canada, the Napoleonic Code and the old customary law of France extending back as far as the Code of Justinian and the Latin Law form the basis of its system of jurisprudence.
Under Quebec law the use of the word “ prescription ” is synonymous with our words, “ Limitations of Time ”. There the basic prescription applicable to all cases where other provisions do not apply is thirty years as provided in article 2242 of the Civil Code which reads: ‘ All things, rights and actions the prescription of which is not otherwise regulated by law, are prescribed by thirty years, without the party prescribing being bound to produce any title, and notwithstanding any exception pleading bad faith.”
■Hie following actions are prescribed by five years: “ Upon inland or foreign bills of exchange, promissory notes, or notes *179 for the delivery of grain or other things, whether negotiable or not, or upon any claim of a commercial nature, reckoning from maturity; this prescription however does not apply to bank notes * * (Civil Code, art. 2260, subd. 4.)
On December 9, 1935, Dr. McDougald obtained a loan of $30,000 from the N. A. Timmins Corporation, an investment company organized for the purpose of making investments on behalf of the late N. A. Timmins and his family, and gave as security a demand interest bearing note therefor.
On March 23, 1936, Dr. McDougald made a further loan of $25,000 from the same corporation. At that time he had some connection with an American company known as Flanagan-Nay Brewing Corporation and, simultaneously with the making of the latter loan he delivered to his creditor as security an interest bearing note in the amount borrowed payable on demand to its order made by the brewing corporation.
On March 14, 1936, Dr. McDougald gave to his son, Wilfred, power of attorney to indorse notes and to assign and transfer policies of life insurance. At that time Dr. McDougald had life insurance policies in four companies and these policies were pledged with his creditor as security for the loans aggregating $55,000. One of these policies matured in 1942 but lapsed because of decedent’s failure to pay interest upon a loan from the company secured by the policy.
Subsequently to the making of the loans and the assignments a new Canadian corporation was formed known as the N. A. Timmins (1938) Limited and by an instrument dated January 1, 1938 numerous assets of the N. A. Timmins Corporation were transferred to the new corporation including the claims against Dr. McDougald.
Subsequently to Dr. McDougald’s death claimant filed claims with the other three insurance companies and collected thereon the sum of $39,672.12 leaving a balance due to it amounting to $39,164.82.
Appellants contend that each loan represented by a note is of a commercial nature and hence prescribed after the elapse of five years. Respondent asserts that the thirty-year statute applies.
On the trial both parties swore a practicing lawyer of Quebec in support of their respective contentions and, mirabile dictu, the experts disagreed on the vital issue.
In the view we take of the question presented it is quite immaterial which statute is applicable. We need express no opinion on that subject.
*180 Whether the loans be regarded as commercial or otherwise they are not prescribed by reason of the fact that Dr. McDougald pledged his policies of life insurance and the note of the brewing corporation as security therefor.
Article 1966 of the Civil Code of Quebec gives the following definition of a pledge: “ Pledge is a contract by which a thing is placed in the hands of a creditor, or, being already in his possession is retained by him with the owner’s consent, in security for his debt. The thing may be given either by the debtor or by a third person in his behalf.”
It is a fundamental principle of Quebec law that the giving of a pledge or other security by a debtor to a creditor prevents the statutory prescription period from running (Banque du Peuple v. Huot, 12 Que. S. C. 370). In that case the court of review, being a court of appeals, in confirming the judgment of the trial judge held: The fact of a debtor who had given a pledge to his creditor to secure the payment of a debt leaving such pledge in the possession of the creditor, constitutes a constant and incessant acknowledgment of his indebtedness which interrupts prescription so long as the creditor retains possession of the pledge. In this case judgment was rendered in the Trial Court on the 7th of April 1897. A writing was filed and signed by the defendant dated December 1st, 1888 acknowledging a difference of $1257.00 and setting up the pledging of certain merchandise described as security. The portion of the formal judgment dealing with these points reads as follows:
" First: Prescription of five years: Considering plaintiff is still in possession of a portion of the merchandise which defendant gave it as a pledge of reimbursement of the sum claimed and by thus leaving the plaintiff in possession of such pledge, defendant recognized in a constant and continuous manner his indebtedness and plaintiff’s right, and prescription therefore did not run nor accrue (vide: 28 Laurent, no. 497; Marcade, Prescription no. 180; 4 Aubry & Rau 434 in fine, et note 12; 2 Pont, no. 1167; Troplong, Prescription, no. 618; Dalloz, Repert., no. 408 v. Prescription; Thezard Nantissement, no. 15).”
Laurent, an eminent legal writer who is regarded as a leading authority on the Napoleonic Code, in discussing the subject in volume 28 at paragraph 497 of his work states the rule as follows: “ The creditor holder of the pledge does not take action against the debtor because he has no interest to act. If this inaction lasts thirty years can the debtor invoke prescrip *181 tion? No, the pledge is a security for the debt; so as long as the debtor leaves the pledge in the hands of the creditor he recognizes the existence of the debt and this acknowledgment or recognition prevents prescription.”
An outstanding modern work on the law of Quebec by Planiol & Ripert (Vol. 12, par. 112) in discussing the rule applicable to the interruption of prescription of a claim secured by a pledge states: “So long as the creditor pledgee retains the thing pledged, his claim is not subject to prescription, the fact of the debtor leaving in in his hands constituting on his part a permanent tacit acknowledgment of the right of the creditor, which constantly (a tout instant) interrupts prescription. The contrary solution would lead to this inadmissible result, that the debtor, after prescription of the debt, could claim the restitution of the pledge without paying what he owes.”
Judge Mignault, a distinguished former justice of the Supreme Court of Canada, the author of the standard text of the Civil Law in the Province of Quebec, in volume 9, page 433, of his work has also given his support to the opinions of the other authorities which we have quoted as to the effect of a pledge.
No authority has been called to our attention, and our own research has disclosed none, which would justify a contrary conclusion.
From what we have said it follows that the decree appealed from should be affirmed, with costs to respondent.
Hill, P. J., Brewster, Foster and Russell, JJ., concur.
Decree affirmed, with costs to respondent.